RAYMOND W. SALM ET UX., PLAINTIFFS, v. DAVID A. TIERNEY, DEFENDANT.

Submitted May 16, 1930—Decided December 12, 1930.

Before Justices CASE and DONGES.

For the rule, McCarter & English.

Contra, Alan Bruce Conlin.

PER CURIAM.

This case was tried at Union Circuit and resulted in verdicts in favor of the plaintiff Raymond W. Salm in the sum of $249.38, damages to his automobile, and in favor of the plaintiff Wilhelmina Salm in the sum of $200 for personal injuries.

The two plaintiffs testified that as they were proceeding in a northerly direction on what is known as the Shore road and were on the right-hand or easterly side thereof, near Morgan, the defendant endeavored to pass a truck that was

in front of him, and in so doing went over the middle of the road and upon plaintiff's side and struck the plaintiff's car head on. Another witness produced by the plaintiffs, Mrs. Frances M. Wolcott, did not see the accident but testified that after the impact the cars were on her right side as she was proceeding southerly. She said: "Well, they were almost over to the shoulder, I should think, what you call the shoulder of the road, isn't it, that part?" Another witness produced by the plaintiffs, Drew, did not see the collision but said that the defendant said something about a small truck being involved in the collision, and that the cars were in the center of the road after the collision.

The defendant Tierney testified that as he was proceeding southerly, plaintiff's car came out of line and endeavored to pass a truck ahead of him, and that plaintiff apparently lost control of his car and came over on defendant's side of the road and struck his car at about the front wheel and front fender, but not head on; and that after the collision both cars were on the extreme westerly side of the road, and that the front wheels of plaintiff's car were off the paved road on defendant's side.

There was testimony by several witnesses that the damage to defendant's car was entirely on the left side and that the front was not damaged.

The defendant's testimony is supported by the two occupants of his car, his wife and his nephew, who testified that the plaintiff's car came across the road and struck the defendant as he was on his own side of the road. Four other witnesses, who were in the vicinity and who testified that they saw the collision, corroborated the defendant's version, besides which the nature of the damage to defendant's car, as well as the position of the cars following the accident tend to support the defendant's version as to how the collision occurred.

A careful review of the testimony leads to the conclusion that the verdicts in favor of the plaintiffs are clearly against the weight of the evidence and should not be permitted to stand. The rule to show cause is made absolute.